IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BUDNICK CONVERTING, INC.,

Plaintiff/Counterdefendant,

v.

NEBULA GLASS INTERNATIONAL, INC.,
d/b/a GLASSLAM,

Defendant/Counterplaintiff,


NEBULA GLASS INTERNATIONAL, INC.,
d/b/a GLASSLAM

Defendant/Counterplaintiff/
Third-Party Plaintiff,

v.

TESA TAPE, INC.,

Third-Party Defendant.                                No. 3:09-cv-00646-DRH-PMF

## ORDER

HERNDON, Chief Judge:


### I. INTRODUCTION

On January 29, 2010, Nebula Glass International, Inc. d/b/a Glasslam ("Glasslam") filed a Third Party Complaint against Third Party Defendant Tesa Tape, Inc. ("Tesa"). (Doc. 30). Glasslam's Complaint asserts claims of negligence, breach

of implied warranty, breach of contract for the benefit of a third party, and negligent misrepresentation. (Doc. 30).

In its Complaint, Glasslam alleges Tesa is liable under contract and tort theories for supplying Glasslam with defective adhesive acrylic tape to be used for Glasslam's insulated glass products for insulated glass units. Budnick Converting, Inc. ("Budnick") provided Glasslam with Tesa's adhesive for manufacturing insulated glass products. Glasslam alleges the adhesive supplied by Tesa was used to bond rubber spacers between the two glass panels in insulated glass units. Before purchasing the adhesive, Budnick provided Glasslam with samples of Tesa's adhesive tape to test on the rubber spacers Glasslam produced for various insulated glass units. After testing the tape and finding no problems, Glasslam began placing orders with Budnick for this adhesive tape. Glasslam then supplied its customers with rubber spacers using Tesa's adhesive supplied by Budnick.

Glasslam's customers used these spacers in their insulated glass units and reported that the product leaked solvents, causing the units to fog and discolor. After Glasslam's customers reported problems with their insulated glass units, Glasslam met with Budnick and again tested the adhesive. Budnick hired a chemist from Tesa to once again test the adhesive acrylic tape.

Budnick filed a Complaint against Glasslam on June 5, 2009, alleging breach of contract. Glasslam then filed its Third Party Complaint against Tesa for damages claimed by Budnick, alleging Tesa's adhesive tape was defective. (Doc. 30). Glasslam's Complaint seeks damages for the cost of the tape, as well as the costs of

materials, labor, production, and shipping of its rubber spacers. The Complaint also seeks damages for customer claims for ruined insulated glass products made with Tesa's adhesive. Glasslam alleges these damages are the direct and proximate result of Tesa manufacturing defective adhesive acrylic tape.

Now before the Court is Third Party Defendant Tesa's motion to dismiss Counts I and IV of the Third Party Complaint. (Doc. 48). Tesa argues Counts I and IV, which allege negligence and negligent misrepresentation, respectively, are barred by Illinois's economic loss doctrine, as set forth in ***Moorman Manufacturing Co. v. Nat'l Tank Co.,* 435 N.E.2d 443 (Ill. 1982)**. Glasslam filed a response on May 3, 2010 (Doc. 57), and Tesa filed a reply brief on May 17, 2010. (Doc. 60). Based on the following, the Court **DENIES** Third Party Defendant's motion to dismiss. (Doc. 48).

## II. DISCUSSION

### A.   Motion to Dismiss Standard

When ruling on a motion to dismiss for failure to state a claim under **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**, the Court must determine whether the complaint satisfies the threshold pleading requirements under **FEDERAL RULE OF CIVIL PROCEDURE 8.** According to **Rule 8**, a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief. **FED. R. CIV.**

**P. 8(a)(2).** The Supreme Court has held that **Rule 8** requires a complaint allege "enough facts to state a claim of relief that is plausible on its face" to survive a **Rule 12(b)(6)** motion. ***Bell Atlantic Corp. V. Twombly,* 550 U.S. 544, 570 (2007)**. Further, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief" by providing 'more than labels and conclusions' because a formulaic recitation of the elements of a cause of action will not do..." ***Id.* at 555-56 (quoting *Papasan v. Allain,* 478 U.S.265, 286 (1986)**. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' ***Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 557)**.

The Supreme Court recently made clear that the federal pleading standard under Rule 8 as discussed in ***Twombly*** applies "for all civil actions." ***Id.* at ---, 129 S. Ct. at 1953**. *Iqbal* identified the "two working principles" underlying the decision in ***Twombly***: (1) "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice;" and (2) "only a complaint that states a plausible relief survives a motion to dismiss." ***Id.* at ---, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555-6)**. Thus, a court should only assume to be true a complaint's well-pleaded factual allegations, and not its mere legal conclusions, when determining whether such allegations plausibly give rise to relief. ***Id.* at ---, 129 S. Ct. at 1950**.

**B.      Analysis**

Under Illinois's economic loss doctrine, a plaintiff cannot recover in tort for purely economic loss. ***Moorman*, 435 N.E.2d 443, 450 (Ill. 1982)**. In ***Moorman***, the Illinois Supreme Court defined "economic loss" to mean "damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits without any claim of personal injury or damage to other property." ***Id.* at 449**. Further, the Court stated recovery in tort requires a showing of harm above and beyond disappointed expectations through personal injury or property damage. ***Id.* at 451.** The Court in ***Moorman*** concluded the proper remedy for economic losses lies in contract law and the Uniform Commercial Code. ***Id.*** By allowing parties to a commercial transaction to recover for economic losses under tort remedies, the Court would effectively render contract law and the Uniform Commercial Code provisions meaningless. ***Id.***

Glasslam alleges in its Complaint that the damages sought are not solely economic losses but, additionally, for damage to "other property." The damages arise from the harm to the windows Glasslam's customers purchased, not to the rubber spacers themselves. The ***Moorman*** Court defined economic losses to include damages without a showing of damage to other property. Here, however, the harm was to Glasslam's customers' windows. This damage therefore constitutes a showing of harm beyond disappointed commercial expectations. Accordingly, the economic

loss doctrine does not bar tort remedies for damages.

Furthermore, following *Moorman*, the Illinois Supreme Court considered the economic loss doctrine with respect to tort claims in the context of an indemnity action. In *Maxfield v. Simmons*, the Court held *Moorman* was not controlling in an indemnity action. **449 N.E.2d 110, 111 (Ill. 1983)**. The *Maxfield* Court acknowledged the concern that contract law and the Uniform Commercial Code provide remedies for economic losses to parties in a commercial transaction but held this was not true for indemnity actions. *Id.* **at 112**. Unlike in *Moorman*, the Court concluded the "recognition of a cause of action for indemnity does not defeat the purpose of the four-year statute of limitations contained in section 2-275 [of the Uniform Commercial Code]." *Id.* Analogizing this to a product liability case, the Court found the assembler of the finished product could seek indemnity from the manufacturer of a component part through tort law. *Id.*

The Illinois Court of Appeals further expounded the economic loss doctrine in the context of an indemnity action in the following year. *Anixter Bros. Inc. V. Central Steel & Wire Co.,* **463 N.E.2d 913 (Ill. Ct. App. 1984)**. *Anixter* involved a Third Party Complaint alleging contract and tort claims. *Id.* **at 915-16**. The manufacturer of a finished product filed suit against the assembler of a component part to recover damages claimed by an independent party's use of the product. *Id.* **at 914-15**. The Third Party Defendant filed a motion to dismiss based on the economic loss doctrine, but the Court allowed the tort claims. *Id.* **at 916**. As

in ***Maxfield,*** the Court found an implied contract of indemnity based on the cause of damages and the positions of the parties with respect to the third party complaint. ***Id.* at 917**. Since the damages sought in the complaint resulted from use by a third party, independent of the contract, the case involved an implied contract of indemnity. ***Id.*** Thus, the case was properly controlled by ***Maxfield***. ***Id.*** Though the implied contract of indemnity was based on the relationship of the parties, any liability imposed on the third-party defendant was a result of its tortious conduct. ***Id.*** Therefore, the Court held, as in an indemnity product liability action, the tort claims were not barred. ***Id.***

Here, the operative facts are similar to those in ***Axiter***. Glasslam filed a Third Party Complaint against Tesa, seeking damages resulting from a third party's use of the product. Glasslam's claim against Tesa is an implied contract of indemnity action, which is not controlled by ***Moorman***. Glasslam, as the manufacturer of the finished glass spacers, can seek indemnity from Tesa for the manufacture of the component part, the adhesive tape. Under ***Maxfield,*** the economic loss doctrine does not bar Glasslam's tort claims of negligence and negligent misrepresentation. Contrary to Tesa's contention, the economic loss doctrine does not bar Glasslam's claims. Therefore, the Court **DENIES** Tesa's motion to dismiss Counts I and IV. (Doc. 48).

### III. CONCLUSION

Accordingly, this Court **DENIES** Third Party Defendant Tesa's Motion

to Dismiss Counts I and IV of the Third Party Complaint. (Doc. 48).

    **IT IS SO ORDERED.**

Signed this 17th day of September, 2010.

                                                           /s/      *David R Herndon*

                                                    **Chief Judge**
                                                    **United States District Court**